5 F.3d 537
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 George LOPO; Dolores Lopo; Sylvia Lopo, Plaintiffs-Appellants,
v.
Dr. FISCHMANN; Dr. Pitts; Dr. Oblath; Saint Joseph's
Medical Center; Mike Vogelsang, Defendants-Appellees.
 No. 92-55233.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1993.*
Decided Sept. 1, 1993.
 
 Before: PREGERSON, BRUNETTI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 George, Dolores, and Sylvia Lopo appeal pro se the district court's dismissal of their 42 U.S.C. Sec. 1983 action for lack of jurisdiction. We have jurisdiction over this appeal pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 The Lopos filed a civil rights complaint against St. Joseph's Medical Center, doctors Fischmann, Pitts, and Oblath, and hospital security supervisor Vogelsang. The Lopos alleged the defendants violated the Lopos' first amendment rights by committing medical malpractice, falsifying the death certificate of Bertha Lopo, denying the Lopos visitation, and subjecting the Lopos to false arrest. On appeal, the Lopos contend the district court erred by failing to consider their timely objections to the magistrate judge's report and recommendation as provided under 28 U.S.C. Sec. 636(b)(1). This contention lacks merit.
 
 
 4
 Here, the district court designated a magistrate judge to conduct the hearing on the defendants' motion to dismiss. The magistrate judge submitted a report and recommendation to the district court pursuant to 28 U.S.C. Sec. 636(b)(1)(B). The Lopos filed timely objections to the magistrate judge's report and recommendations, thereby preserving their right to a de novo review in the district court.[1] United States v. Bernhardt, 840 F.2d 1441, 1444 (9th Cir.), cert. denied, 488 U.S. 954 (1988). The district court adopted the findings and conclusions of the magistrate judge and dismissed the action.
 
 
 5
 In its order, the district court erroneously stated that "[n]o objections to the [magistrate judge's] Report and Recommendation have been filed herein." Even where no objections are filed, the district court has a duty to conduct a de novo review of the magistrate judge's conclusions of law. Barilla v. Ervin, 886 F.2d 1514, 1518 (9th Cir.1989).
 
 
 6
 Here, the district court reviewed the complaint, records, and files of the case and concurred in the magistrate judge's report. The Lopos' objections did not affect the district court's conclusions of law that the Lopos failed to state a claim for relief under 42 U.S.C. Sec. 1983 and that the district court lacked jurisdiction over the action. Accordingly, although the district court failed to consider the Lopos' objections, the district court did not deprive the Lopos of their right to a de novo review of the legal conclusions. See 28 U.S.C. Sec. 636(b). Accordingly, we affirm the district court's order dismissing the Lopos' case.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The magistrate judge's report was filed on October 28, 1991 and served upon the Lopos by mail. The Lopos had ten days during which to file any objections to the report. Pursuant to Fed.R.Civ.P. 6(e), three days are added to the prescribed period of time to perform an act when the notice is served upon a party by mail. Thus, objections were due by November 10, 1991. Nevertheless, because November 10th was a Sunday and November 11th was a legal holiday, the Lopos' objections, filed on November 12, 1991, were timely. See Fed.R.Civ.P. 6(a)